UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00172-PSF-CBS

PHYLLIS HOCKENBERRY,

    Plaintiff,

v.

GENERAL INSURANCE COMPANY OF AMERICA,
a subsidiary of SAFECO Insurance Company,
a Washington Corporation,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

To expedite the flow of discovery material, to facilitate the prompt resolution of discovery disputes, and to protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, Plaintiff Phyllis Hockenberry, and Defendant General Insurance Company of America, stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Protective Order with respect to disclosure of information, documents, or things in this litigation:

    **1.    Confidential Information.**

        a.    As used in this Stipulated Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing that a party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (d) below.

b.  A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon the document before providing it to another party, taking care 1) to avoid obscuring any text, or 2) to avoid designating discovery responses or documents, or parts thereof, that are not confidential.  Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Receiving Party"), its attorneys, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

c.  In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

d.  To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record as to what specific portions of the deposition are CONFIDENTIAL or must, within twenty (20) business days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (page and line(s)) of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION.  All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the twenty-business-day period.  The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.  All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon those portions so designated.

e.  Documents, testimony, evidence, and other matters may not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

i)      does not constitute a trade secret or other confidential research, development, or commercial information, as defined by Fed.R.Civ.P. 26(c)(7);

ii)     is, at the time of disclosure by the Designating Party, already in the possession of the Receiving Party and was not acquired from the Designating Party, and has previously been released or produced by the Designating Party without a "Confidential" designation; or

iii)    has been made available to the Receiving Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party.

f.    CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

i)      the attorneys for the Receiving Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

ii)     the Receiving Party and officers, directors and/or employees of the Receiving Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

iii)    court reporters, court officials, and the jury involved in this litigation;

iv)    experts, consultants, and investigators, and their staff who are retained by a party for purposes relating to this litigation and who have executed an Agreement to be Bound by Stipulated Protective Order in the form attached as Exhibit A; and

v)     any other non-party witnesses or deponents who have executed an Agreement to be Bound by Stipulated Protective Order in the form attached as Exhibit A, or deponents who have been given a copy of and agree on the record to abide by the Stipulated Protective Order.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Stipulated Protective Order shall prevent the Designating Party from any use of its own CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in Paragraphs 1.f.iv-v above, unless the party disclosing information to that person determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent.

CONFIDENTIAL INFORMATION provided to a Receiving Party shall be securely maintained in the offices of that party's counsel. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Stipulated Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

g. CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Stipulated Protective Order.

h. If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in Paragraph 1(f) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed an Agreement to be Bound by Stipulated Protective Order in the form attached as Exhibit A, unless the Court rules otherwise.

2. **No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Stipulated Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

**3. Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition if:

a. the counsel for the party using such material advises the witness of the terms of this Stipulated Protective Order and the witness agrees on the record to abide by the terms of the Stipulated Protective Order and to maintain the confidentiality of the material; or

b. the witness executes the Agreement to be Bound by Stipulated Protective Order in the form attached as Exhibit A.

If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness.

**4. Use in Briefs and as Exhibits.**

If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under seal in accordance with the Federal Rules of Civil Procedure and local court rules.

**5. Application of this Confidentiality Order.**

a. This Stipulated Protective Order shall apply to all discovery responses or papers, deposition transcripts, summaries, notes, abstracts, or other documents or information that comprise, embody, or summarize any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.

b.      Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION.  Agreement to the terms of this Stipulated Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

**6.     Confidentiality Challenge.**

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made and shall specify the basis for the objection.  All objections must be made in good faith.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion.  If the objecting party fails to file such a motion within the prescribed time, the disputed information shall be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order.

**7.     Confidential Information At Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Stipulated Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Stipulated Protective Order, however, shall preclude any party

from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege. The parties to this Stipulated Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. The parties may request special procedures or in camera treatment.

8. **Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Stipulated Protective Order regarding other uses of that CONFIDENTIAL INFORMATION.

9. **Modification.**

This Stipulated Protective Order may be modified only by Order of the Court.

10. **Non-Parties.**

A non-party who produces any information, documents, or things in this litigation that it wishes to be treated as confidential may become a party to the Stipulated Protective Order by signing a copy of it and giving prompt notice to all other parties in this case. Signing the Stipulated Protective Order shall not entitle the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a party. A non-party may also designate as CONFIDENTIAL any information, documents, or things produced by that third-party in this litigation pursuant to the terms of this Stipulated Protective Order. If a non-party serves a Party with a subpoena or request for production of documents seeking Confidential Information produced to that Party by a Designating Party, the Party in receipt of the subpoena or request for production of documents will notify the Designating Party within five (5) business days of the receipt of

the subpoena to allow the Designating Party a reasonable opportunity to intervene to oppose such production.

**11.    Return Or Destruction Of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within thirty (30) business days of a written request from the Designating Party, which notice shall be given within thirty (30) business days after said final disposition of this case.  All individuals listed under Paragraphs 1.f.ii., iv., and v. who received CONFIDENTIAL INFORMATION shall execute an Affidavit, in the form attached as Exhibit B, within thirty (30) business days following the final resolution of this action.

THE FOREGOING STIPULATED PROTECTIVE ORDER IS HEREBY MADE AN ORDER OF COURT.

DATED at Denver, Colorado, this 22nd day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

AGREED TO BY THE PARTIES:

                                                      s/Frances R. Johnson
Robert B. Carey
Frances R. Johnson
The Carey Law Firm
2301 E. Pikes Peak
Colorado Springs, CO 80909
Telephone: (719) 635-0377
Email: fjohnson@careylaw.com
*Attorneys for Plaintiff*


Christian D. Hammond
Lawrence D. Stone
Christian D. Hammond
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Telephone: (303) 861-8013
Email: lstone@duffordbrown.com
        chammond@duffordbrown.com
*Attorneys for Defendant*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00172-PSF-CBS

PHYLLIS HOCKENBERRY,

    Plaintiff,

v.

GENERAL INSURANCE COMPANY OF AMERICA,
a subsidiary of SAFECO Insurance Company,
a Washington corporation,

    Defendants.

---

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

---

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ _____, 2006 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado in matters relating to the Protective Order, and understands that the terms of the Protective Order obligate him/her to use Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____                    _____
                                        Printed Name


                                        _____
                                        Signature

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00172-PSF-CBS

PHYLLIS HOCKENBERRY,

    Plaintiff,

v.

GENERAL INSURANCE COMPANY OF AMERICA,
a subsidiary of SAFECO Insurance Company,
a Washington Corporation,

    Defendants.

---

**AFFIDAVIT**

---

STATE OF _____ )
                               ) ss.
COUNTY OF   _____ )

    I, _____, being first duly sworn, depose and state as follows:

    1.    During the course of this civil action, I received Confidential Information, as that term is defined in the Stipulated Protective Order entered by the Court dated _____, 2006, from _____.

    2.    I certify that I have either returned all Confidential Information produced by _____ to that party's counsel of record in this action, or destroyed all Confidential Information that was produced by that party and is in my possession, custody, or control.  The return or destruction of such Confidential Information includes, but is not limited to, any copies; extracts; summaries that have been prepared by me, counsel representing me or my employer in this litigation, and/or experts or

other individuals acting on my or my employer's behalf; copies maintained on electronic storage devices, including but not limited to, computer databases, hard drives, and floppy diskettes; and the portions of all transcripts of depositions and testimony that contain or reference Confidential Information.

3. Except in accordance with the above-referenced Stipulated Protective Order, I have not either personally or through any representatives or entities retained or maintained any other party's Confidential Information, including but not limited to, any copies; extracts; summaries that have been prepared by me, counsel representing me or my employer in this litigation, and/or experts or other individuals acting on my or my employer's behalf; copies maintained on electronic storage devices, including but not limited to, computer databases, hard drives, and floppy diskettes; and the portions of all transcripts of depositions and testimony that contain or reference Confidential Information.

4. I have sent the original of this affidavit, via facsimile and U.S. mail, to each Party that has produced Confidential Information to me during the pendency of this action, within thirty (30) business days of the final resolution of this lawsuit.

_____

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this \_\_\_\_ day of _____, 200\_\_ by _____.

[ S E A L ]

_____
Notary Public

My Commission Expires:_____